**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
Urbana Division

| | |
|---|---|
| JENMERY C. YOUNG and<br>ESPERANZA G. CALMES,<br><br>        Plaintiffs,<br><br>v.<br><br>GCA SERVICES GROUP,<br><br>        Defendant. | Case No. 12-2245 |

**REPORT AND RECOMMENDATION**

    Plaintiffs Jenmery Young and Esperanza Calmes bring claims of national origin discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), and intentional infliction of emotional distress under Illinois law, against their former employer Defendant GCA Services Group, alleging that Defendant discriminated against them and caused them emotional distress by prohibiting them from speaking their native language while at work. Jurisdiction is proper under 28 U.S.C. § 1331, as Plaintiffs' Title VII claims raise a federal question. The Court exercises supplemental jurisdiction over Plaintiffs' state law claims, pursuant to 28 U.S.C. § 1367(a).

    In January 2013, Defendant filed a Motion to Dismiss Plaintiffs' Claims of Constructive or Retaliatory Discharge in Counts I & II and Plaintiffs' Claims of Intentional Infliction of Emotional Distress in Counts III & IV Pursuant to Fed. R. Civ. P. 12(b)(6), or Alternatively, Motion to Strike Pursuant to 12(f) (#13). Shortly thereafter, Plaintiffs filed a Memorandum in Opposition (#20). In February 2013, Defendant filed a Motion for Leave to File Brief Reply to Plaintiffs' Opposition to Defendant's Motion to Dismiss (#25), to which Plaintiffs filed a surreply (#25). Later in February, Defendant filed a Motion for Leave to Supplement Motion to Dismiss or Strike (#24).

    After careful consideration of the parties' pleadings and memoranda, including Defendant's reply and Plaintiffs' surreply, the Court recommends that Defendant's Motion to

Dismiss Plaintiffs' Claims of Constructive or Retaliatory Discharge in Counts I & II and Plaintiffs' Claims of Intentional Infliction of Emotional Distress in Counts III & IV Pursuant to Fed. R. Civ. P. 12(b)(6), or Alternatively, Motion to Strike Pursuant to 12(f) **(#13)** be **GRANTED IN PART and DENIED IN PART**; Defendant's Motion for Leave to File Brief Reply to Plaintiffs' Opposition to Defendant's Motion to Dismiss **(#21)** be **GRANTED**; and Defendant's Motion for Leave to Supplement Motion to Dismiss or Strike **(#24)** be **DENIED**.

## I. Background

The Court takes the following relevant background from Plaintiffs' Complaint (#1), accepting all well-pleaded allegations as true. *See AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011).

Plaintiffs Jenmery Young and Esperanza Calmes are of Filipino national origin, and their native language is Tagalog. Plaintiffs worked for Defendant as housekeepers at a factory in Decatur, Illinois.

Defendant hired Young in November 2010. On November 27, 2011, Young's supervisor, Tracy Mashburn, instructed Plaintiff to refrain from speaking in her native language at work. On December 1, 2011, manager Deborah Pate told Plaintiff that she must speak English at work at all times. On December 2, 2011, Pate told Young and all other housekeeping workers present that they must speak English at work at all times. On December 8, 2011, Mashburn warned Young that she would be fired if she continued to speak in her native language. Young alleges that, after these warnings from her supervisors, she felt like a second-class employee and experienced a hostile work environment. On December 16, 2011, Defendant fired Young. Young alleges that, although Defendant did so under the pretext of non-compliance with a work order, Defendant actually fired her in retaliation for filing a charge with the EEOC.

Defendant hired Calmes in August 2011. On November 28, 2011, Pate informed Calmes and other housekeeping workers that they must speak English at all times at work. Calmes alleges that, after receiving this warning, she felt like a second-class employee and experienced a hostile work environment. She resigned on March 9, 2012, "due to the increasing pressure from

her employer to refrain from speaking in her native language and only speak in English while at work." (#1, ¶ 19.)

On January 6, 2012, Young filed a Charge of Discrimination with the Illinois Department of Human Rights (IDHR) and the EEOC. The Charge of Discrimination included the following narrative statement:

> I was hired by Respondent in or around November of 2011.[1] My job title was Housekeeper. During my employment, I have been directed to speak English only at all times while in the workplace.
> I believe that I have been discriminated against because of my national origin, Philippines, in violation of Title VII of the Civil Rights Act of 1964, as amended.

(#13-1.) The Charge listed the latest date of discrimination as November 12, 2011, and the box for "continuing action" was not checked. On June 26, 2012, the EEOC issued Young a Notice of Right to Sue.

On January 9, 2012, Calmes filed a Charge of Discrimination with the IDHR and the EEOC. The Charge of Discrimination included the following narrative statement:

> I was hired by Respondent on or about August 25, 2011. My job title is Housekeeper. During my employment, I have been directed to speak English only at all times while in the workplace.
> I believe that I have been discriminated against because of my national origin, Philippines, in violation of Title VII of the Civil Rights Act of 1964, as amended.

(#13-3). The Charge listed the latest date of discrimination as November 28, 2011, and the box for "continuing action" was not checked. On July 16, 2012, the EEOC issued Calmes a Notice of Right to Sue.

In April and May 2012, Young and Calmes, respectively, filed additional charges with the IDHR and the EEOC, alleging that Defendant's imposition of an English-only rule in November 2011 violated the Illinois Human Rights Act, which provides that is a "civil rights violation . . . [f]or an employer to impose a restriction that has the effect of prohibiting a

---

[1] Plaintiffs' Complaint alleges that Defendant hired Young in November 2010.

3

language from being spoken by an employee in communications that are unrelated to the employee's duties." 775 ILCS 5/2-102(A-5).

In September 2012, Plaintiffs filed a four-count Complaint (#1) against Defendant. In Count I, Young brings Title VII claims of disparate treatment, hostile work environment, and retaliatory discharge on the basis of national origin; in Count II, Calmes brings Title VII claims of disparate treatment, hostile work environment, and constructive discharge on the basis of national origin; in Counts III and IV, Young and Calmes, respectively, bring Illinois state law claims of intentional infliction of emotional distress (IIED).

In its Motion to Dismiss, Defendant argues that Young's retaliatory discharge claim, and her attendant request for lost wages, must be dismissed because she failed to include the claim in her EEOC charge. Alternatively, Defendant contends that Young's retaliatory discharge claim must be dismissed because the claim it is implausible on its face, as Young was fired before she filed her EEOC charge. Defendant next argues that Calmes's constructive discharge claim, and her attendant request for lost wages, must be dismissed because Calmes failed to include the claim in her EEOC charge.[2] Finally, Defendant contends that Plaintiffs' IIED claims must be dismissed because they are preempted by the Illinois Human Rights Law, 775 ILCS 5/2-102(A).

## II.  Legal Standard

A motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), serves to test the sufficiency of the complaint, not to decide the merits of the case. *See AnchorBank*, 649 F.3d at 614; *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss, the complaint need only contain sufficient factual allegations to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this standard, the allegations in the complaint must, one, be detailed enough to "give the defendant 'fair notice of what the claim is and the grounds upon which it rests,'" and, two, "plausibly

---

[2] The parties have also briefed whether an employer's English-only rule can give rise to a hostile environment. The Court does not reach this issue at this time. Defendant has not asked the Court to evaluate the merits of Plaintiffs' hostile environment claims but, rather, to decide whether Plaintiffs' retaliatory discharge and constructive discharge claims are within the scope of their EEOC allegations.

suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 554, 555) (alteration omitted).

In considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations in the pleadings, though it is well-settled that the Court "may consider documents attached to or referenced in the pleading if they are central to the claim," *see Citadel Grp. Ltd. v. Wash. Reg'l Med. Ctr.*, 692 F.3d 580, 591 (7th Cir. 2012), such as EEOC charges cited in a Title VII complaint, *see Hall v. Walsh Constr. Co.*, No. 11 CV 08706, 2012 WL 3264921, at *1 n.4 (N.D. Ill. Aug. 9, 2012) (collecting cases); *see also Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (considering EEOC charge and affirming 12(b)(6) dismissal of defendant not named in EEOC charge). The Court must evaluate the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor. *AnchorBank*, 649 F.3d at 614. Importantly, however, the Court does not accept as true mere legal conclusions, unsupported by factual allegations, or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678.

### III.  Discussion
### A.  Title VII Claims
#### 1. EEOC Charge Requirement

As a rule, a plaintiff may not advance a Title VII claim in court unless the plaintiff included the claim in her EEOC charge. *Moore v. Vital Prods., Inc.*, 641 F.3d 253, 256-57 (7th Cir. 2011); *see also Conner v. Ill. Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005) ("[A]n aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination." (internal quotation marks omitted)). This rule "serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion, and of giving the employer some warning of the conduct about which the employee is aggrieved." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (citation omitted).

5

Nevertheless, a significant exception to the rule exists: a plaintiff may bring claims not included in her EEOC charge if they are "'like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations.'" *Moore*, 641 F.3d at 256 (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976) (en banc)). "To be 'like or reasonably related,' the relevant claim and the EEOC charge 'must, at minimum, describe the same conduct and implicate the same individuals.'" *Moore*, 641 F.3d at 257 (quoting *Cheek*, 31 F.3d at 501). The "like or reasonably related" standard is intended to be "a liberal one in order to effectuate the remedial purposes of Title VII, which itself depends on lay persons, often unschooled, to enforce its provisions." *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir. 1985) (citing *Jenkins*, 538 F.2d at 167-68). A plaintiff need not "artfully draft the allegations in her EEOC charge" but "must at least have described, with some degree of specificity, the conduct she considered discriminatory." *See Cheek*, 31 F.3d at 502.

**2. Which Administrative Charges Are Relevant**

Plaintiffs filed charges of discrimination with the IDHR and the EEOC in January 2012, alleging that Defendant's English-only policy violated Title VII. Young, in late April 2012, and Calmes, in early May 2012, again filed charges with the IDHR and the EEOC, alleging that Defendant's English-only policy violated the Illinois Human Rights Act (IHRA). Defendant argues that Plaintiffs' failure to include their retaliatory and constructive discharge claims in their January *and* April/May charges requires that this Court dismiss these claims. However, the Court does not find Plaintiffs' April/May 2012 charges to be relevant to its analysis. Plaintiffs' April/May 2012 charges allege violations of the IHRA, not Title VII. Plaintiffs have not alleged violations of the IHRA in this case. Whether Plaintiffs have exhausted administrative remedies for their claims under the IHRA—particularly, a provision of the IHRA that extends beyond the explicit protections of Title VII to expressly prohibit employers from forbidding the use of native languages in communications unrelated to work duties—has no bearing on whether they have exhausted administrative remedies for their Title VII claims. Accordingly, the Court does not consider Defendant's arguments regarding Plaintiffs' April/May 2012 charges of discrimination under the IHRA.[3]

---

[3] The Court agrees with Defendant that, if the Court did consider the April/May charges to be relevant, it would dismiss Calmes's constructive discharge claim due to her failure to include it in her May charge. *See Dixon v.*

6

### 3. How Broadly to Construe Plaintiffs' EEOC Charges

The Court must next address a threshold question raised by the parties: how broadly to read Plaintiffs' EEOC charges. Plaintiffs note that they filed their charges *pro se* and ask the Court to construe them broadly to include their retaliatory and constructive discharge claims. Defendant, in contrast, argues in its Motion for Leave to File Supplement to Motion to Dismiss or Strike (#24), that, although Plaintiffs were not represented when they filed their EEOC charges, Plaintiffs' current counsel entered an appearance on their behalf and requested a right to sue letter from the EEOC. Defendant maintains that Plaintiffs' counsel should have amended Plaintiffs' charges or filed new charges to allege retaliatory discharge and constructive discharge.

The Court rejects Defendant's argument. As explained above, the central question for the Court is whether Plaintiffs' constructive discharge claims are like or reasonably related to the allegations set forth in their EEOC charges. Plaintiffs filed their charges *pro se*. Therefore, the Court liberally interprets their EEOC charges. *See Ezell v. Potter*, 400 F.3d 1041, 1047 (7th Cir. 2005) ("We recognize that employees often file an EEOC charge without the assistance of a lawyer and we therefore read the charge liberally."). Although the Seventh Circuit has recognized that the rationale for liberal construction of an EEOC charge is less compelling when a plaintiff files her EEOC charge with the assistance of counsel, *see, e.g.*, *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009), Defendant cites no authority for its suggestion that the Court should interpret Plaintiffs' *pro se* EEOC charges more narrowly because Plaintiffs secured counsel later in the administrative process. Accordingly, the Court recommends that Defendant's Motion for Leave to File Supplement to Motion to Dismiss or Strike (#24) be denied.

### 4. Young's Retaliatory Discharge Claim

Defendant argues that the Court must dismiss Young's claim that Defendant fired her in retaliation for filing an EEOC charge because, one, it is factually impossible, and, two, she failed to include it in her EEOC charge. Defendant fired Young on December 16, 2011, and Young filed her charged with the EEOC on January 6, 2012. Young appears to concede Defendant's

---

*Americall Grp., Inc.*, 390 F. Supp. 2d 788, 791 (C.D. Ill. 2005) (where plaintiff resigned before filing his EEOC charge but failed to mention his resignation in his EEOC charge, plaintiff could not bring claim of constructive discharge in court).

point regarding factual impossibility and argues that she should be permitted to amend her retaliatory discharge claim. Young indicates she would amend her complaint to allege that she submitted her EEOC intake questionnaire on December 10, 2011, and that "[s]omehow information leaked to Defendant regarding Plaintiffs submitting a claim to the EEOC[,]" leading to Young's termination on December 16, 2011. (#20, pp. 2-3.) Young's amendment would solve the problem of the factual impossibility of Young's alleged retaliatory discharge, but not Young's failure to include her retaliatory discharge claim in her EEOC charge.

Generally, "retaliation and discrimination charges are not considered 'like or reasonably related' to one another." *See Swearnigen-El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 864-65 (7th Cir. 2010); *Steffen v. Meridian Life Ins. Co.*, 859 F.2d 534, 545 (7th Cir. 1988) ("[Plaintiff's] retaliation claim injects an entirely new theory of liability into the case alleging unlawful activity of a much different nature than the age discrimination alleged in the charge."). Therefore, if a plaintiff believes an employer has discriminated and retaliated against her *prior* to the filing of her EEOC charge, she must include both claims in her charge. *See Swearnigen-El*, 602 F.3d at 864-65; *McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473, 483 (7th Cir. 1996) ("Because each of those incidents of retaliation could have been-and should have been-included in [the plaintiff's] administrative charges, they cannot now serve as the basis of the retaliation claim alleged in her complaint."). Nevertheless, the Seventh Circuit excuses a Title VII plaintiff from filing an additional EEOC charge to allege retaliation that occurs *after* the filing of an EEOC charge. *Horton v. Jackson Cnty. Bd. of Cnty. Comm'rs*, 343 F.3d 897, 898 (7th Cir. 2003) ("[R]etaliation for complaining to the EEOC need not be charged separately from the discrimination that gave rise to the complaint . . . ."); *Gawley v. Ind. Univ.*, 276 F.3d 301, 314 n.8 (7th Cir. 2001) ("Of course, an employee is not required to file a separate EEOC charge alleging retaliation when the retaliation occurs in response to the filing of the original EEOC charge.").

This case presents the unique question of how to treat retaliation that occurs *after* the filing of an EEOC intake questionnaire and *prior* to the filing of the charge of discrimination. On December 10, 2011, Young submitted an EEOC intake questionnaire alleging that Defendant discriminated against her. Defendant fired her on December 16, 2011. After the EEOC drafted a charge of discrimination based on Plaintiff's questionnaire, Young signed the charge on January

8

2, 2012.  The EEOC filed the charge on January 6, 2012.  The charge does not mention retaliation.

Before Young signed the EEOC charge, she could have, but did not, indicate to the EEOC that Defendant fired her shortly after she submitted her intake questionnaire.  *Cf. Novitsky v. Am. Consulting Engineers, L.L.C.*, 196 F.3d 699, 702 (7th Cir. 1999) ("[T]he charge is not the work of a faceless bureaucrat, leaving victims of discrimination helpless to protect themselves. Complainants are free to draft and file charges on their own, or hire attorneys to do so, and a charge drafted by the EEOC's staff is not filed unless the complainant signs it—as [the plaintiff] did.  If she had been dissatisfied with the staff's understanding of her answers, all she had to do was point this out and ask for an addition.").  Because Young's termination "could have been- and should have been-included in [her] administrative charges, [it] cannot now serve as the basis of the retaliation claim alleged in her complaint."  *See McKenzie*, 92 F.3d at 483; *accord Steffen v. Meridian Life Ins. Co.*, No. IP 84-1693-C, 1986 WL 25431, at *3 (S.D. Ind. May 14, 1986), *aff'd*, 859 F.2d 534 (7th Cir. 1988) (where plaintiff completed EEOC intake questionnaire in May, was fired in November, and did not include claim of retaliatory discharge in December EEOC charge, he could not bring a claim that employer fired him in retaliation for filling out EEOC intake questionnaire).  Therefore, the Court recommends that Defendant's motion to dismiss be granted as to Young's retaliatory discharge claim and her attendant request for lost wages.

The Court adds that the Complaint contains a typographical error suggesting that Young also claims constructive discharge.  In Count I, Young's Title VII claim, she alleges, "Plaintiff suffered economic damages due to the constructive discharge and emotional pain . . . ." (#1, ¶ 26).  A constructive discharge claim is inconsistent with Young's allegation that Defendant fired her.  Further, Young makes no argument, in response to Defendant's motion to dismiss, in support of a constructive discharge claim.  Therefore, the Court concludes that Young did not intend to bring a claim of constructive discharge, and that this typographical error most likely occurred because Young's co-plaintiff, Calmes, alleges a claim of constructive discharge.

9

**5. Calmes's Constructive Discharge Claim**

The Court finds that Calmes's claim of constructive discharge—that she felt "forced to resign because [her] working conditions, from the standpoint of the reasonable employee, had become unbearable," *see Chapin v. Fort-Rohr Motors, Inc.*, 621 F.3d 673, 679 (7th Cir. 2010)—is "like or reasonably related to" and "growing out of" the allegations in her EEOC charge. *See Moore*, 641 F.3d at 256. The same allegedly discriminatory conduct, Defendant's prohibition on speaking languages other than English, is the basis for Calmes's EEOC charge and her constructive discharge claim, in which she asserts that the stress and pressure associated with complying with Defendant's English-only rule led her to resign. *See id.* (explaining that "the relevant claim and the EEOC charge must, at minimum, describe the same conduct and implicate the same individuals" (internal quotation marks omitted); *see also Howard v. Burlington Air Express Inc.*, No. 93 C 7815, 1994 WL 722061, at *3 (N.D. Ill. Dec. 29, 1994) (finding constructive discharge claim like or reasonably related to allegations in EEOC charge because "the same allegations which support the plaintiff's EEOC charge of retaliation essentially support his Title VII constructive discharge claim."). Calmes did all that was required of her: she "described, with some degree of specificity, the conduct [she] considered discriminatory," *see Cheek*, 31 F.3d at 502, thereby giving Defendant "some warning of the conduct about which [she was] aggrieved," *id.* at 500.[4]

The Court disagrees with Defendant that the Seventh Circuit's decision in *Herron v. DaimlerChrysler Corp.*, 388 F.3d 293 (7th Cir. 2004), compels the Court to dismiss Calmes's constructive discharge claim. In *Herron*, the plaintiff alleged "race discrimination and retaliation against him by DaimlerChrysler. . . . [and] further asserted that DaimlerChrysler's actions constituted a campaign of racial harassment that created a hostile work environment and led to his constructive discharge." *Id.* at 298-99. The Seventh Circuit, in a footnote, held that the

---

[4] Although Defendant highlights that Calmes did not check the "continuing violation" box on her charge, the Court's analysis does not focus on this technicality but, rather, on Calmes's narrative description of the alleged discrimination. *See, e.g., Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 168-69 (7th Cir. 1976) (en banc) (relying on substance of plaintiff's description of discrimination rather than whether plaintiff checked correct box). Surely, a reader would not understand Calmes's EEOC charge to mean that Defendant told her to speak English for one day only, and then permitted her to speak her native language again. Rather, it is apparent from the face of the charge that Calmes alleged an ongoing prohibition on speaking her native language.

plaintiff's constructive discharge claim was not like or reasonably related to the allegations in his EEOC charges:

> Herron's EEOC charges in February and April 2000 described racial discrimination, retaliation, and harassment, not constructive discharge. As the district court found, the four-month delay between his February EEOC complaint and his decision to leave was inconsistent with notice of constructive discharge. Since the charges contained in the EEOC complaint were not "like or reasonably related to" his EEOC allegations, Herron cannot proceed under Title VII on a constructive discharge claim.

*Id.* at 303 n.2. The Seventh Circuit's conclusion that Herron's constructive discharge claim was not like or reasonably related to his EEOC allegations turned on its reasoning that "the four-month delay between [Herron's] February EEOC complaint and his decision to leave was inconsistent with notice of constructive discharge." *See id.* Stated differently, Herron's decision to wait four months to resign after he filed a charge of discrimination, retaliation, and harassment with the EEOC was inconsistent with his later claim that this same discrimination was so unbearable that he had to quit. In this sense, Herron's "delay" was inconsistent with notice of constructive discharge, because the defendant had no way of knowing, based on the timing of events, that Herron resigned due to the discrimination he allegedly suffered.

Here, in contrast, the "delay" is cut in half: Calmes resigned only two months after filing her charge.[5] Calmes's EEOC charge, in which she alleged that Defendant discriminated against her by prohibiting her from speaking her native language, coupled with her resignation only two months later, provided sufficient notice to Defendant that Calmes would assert a constructive discharge claim.

---

[5] At first blush, *Herron* may appear indistinguishable from this case because, in addition to filing an EEOC charge four months before his resignation, Herron, like Calmes, also filed a charge two months before his resignation. However, Herron's second charge, which, in large part, alleged the same discrimination, retaliation, and harassment as the first charge, *see Herron v. DaimlerChrysler Corp.*, 267 F. Supp. 2d 941, 952-53 (S.D. Ind. 2003), *aff'd*, 388 F.3d 293 (7th Cir. 2004) ("We find the four month delay between alleging harassment and finally quitting his job inconsistent with notice of a constructive discharge, particularly in view of the fact that he filed a second charge that is substantively on all fours with the first."), did not figure significantly in the Seventh Circuit's analysis of whether Herron's Title VII constructive discharge claim was properly before the court. Rather, in finding that the timing of Herron's resignation was inconsistent with notice of constructive discharge, the Seventh Circuit focused on the four-month delay between Herron's initial charge of discrimination and his resignation. Accordingly, the Court concludes that *Herron* is properly distinguished from this case.

Therefore, Calmes's constructive discharge claim is like or reasonably related to the allegations in her EEOC charge and should not be dismissed.

### B.  IIED Claims

Plaintiffs concede that their IIED claims should be dismissed as preempted by the Illinois Human Rights Act (IHRA), 775 ILCS 5/2-102(A).  *See Quantock v. Shared Mktg. Servs., Inc.*, 312 F.3d 899, 905 (7th Cir. 2002) (explaining that the IHRA preempts state tort claims "inextricably linked" to allegations of discrimination prohibited by the IHRA).  Accordingly, the Court recommends that Counts III and IV be dismissed.

### IV.  Conclusion

Therefore, the Court recommends that Defendant's Motion to Dismiss Plaintiffs' Claims of Constructive or Retaliatory Discharge in Counts I & II and Plaintiffs' Claims of Intentional Infliction of Emotional Distress in Counts III & IV Pursuant to Fed. R. Civ. P. 12(b)(6), or Alternatively, Motion to Strike Pursuant to 12(f) **(#13)** be **GRANTED** as to Young's retaliatory discharge claim and attendant request for lost wages in Count I, and as to Counts III and IV in their entirety, that these claims be dismissed, **and DENIED** as to Calmes's constructive discharge claim in Count II; Defendant's Motion for Leave to File Brief Reply to Plaintiffs' Opposition to Defendant's Motion to Dismiss **(#21)** be **GRANTED**; and Defendant's Motion for Leave to Supplement Motion to Dismiss or Strike **(#24)** be **DENIED**.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 19th day of July, 2013.

s/DAVID G. BERNTHAL<br>UNITED STATES MAGISTRATE JUDGE