**E-FILED**
Monday, 26 August, 2013 10:54:05 AM
Clerk, U.S. District Court, ILCD

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

_____

| | | |
|---|---|---|
| **JENMERY C. YOUNG and** | ) | |
| **ESPERANZA G. CALMES,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | |
| | ) | **Case No. 12-CV-2245** |
| **GCA SERVICE GROUP,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### <u>OPINION</u>

On July 19, 2013, Magistrate Judge David G. Bernthal filed a Report and Recommendation (#50) in the above cause. Judge Bernthal recommended DENYING Defendant's Motion to Dismiss (#13) as to Plaintiff Esperanza G. Calmes' constructive discharge claim in Count II and GRANTING Defendant's Motion to Dismiss (#13) as to Counts III and IV as well as Plaintiff Jenmery C. Young's retaliatory discharge claim and attendant request for lost earnings in Count I. Judge Bernthal also recommended GRANTING Defendant's Motion for Leave to File Reply Brief (#21) and DENYING Defendant's Motion for Leave to File Supplement to Motion to Dismiss (#24). On July 23, 2013, Defendant filed its Objections to Report and Recommendation (#51). Defendant objected to Judge Bernthal's recommendation that the Motion to Dismiss Plaintiff Calmes' constructive discharge claim in Count II be denied. Following this court's careful de novo review, this court agrees with Defendant that Plaintiff Calmes did not include her claim of constructive discharge in an EEOC charge so this claim must be dismissed. There was no objection to any of Judge Bernthal's other recommendations and those recommendations are

accepted by this court.

## BACKGROUND[1]

On January 9, 2012, Plaintiff Esperanza G. Calmes filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Illinois Department of Human Rights (IDHR).  The charge of discrimination named Defendant, GCA Service Group, as Respondent and stated:

> I was hired by Respondent on or about August 25, 2011.
>
> My job title is Housekeeper.  During my employment, I have been directed to speak English only at all times while in the workplace.
>
> I believe that I have been discriminated against because of my national origin, Philippines, in violation of Title VII of the Civil Rights Act of 1964, as amended.

The charge listed the latest date of discrimination as November 28, 2011, and the box for "continuing action" was not checked.

On May 10, 2012, Calmes filed a second charge of discrimination with the IDHR. Calmes stated that she was discriminated against on the basis of her national origin and stated that, on Nov 28, 2011, "Respondent imposed a restriction on the use of my native language." Calmes stated that this was a violation of the Illinois Human Rights Act.  The documentation

---

[1]  Because Plaintiffs have not objected to the recommendation that Defendant's Motion to Dismiss be granted as to Plaintiff Young's retaliatory discharge claim, the only issue before this court is Plaintiff Calmes' constructive discharge claim.  This court has therefore only included the facts regarding Plaintiff Calmes.

provided by Plaintiffs shows that Calmes' May 10, 2012, charge of discrimination was cross-filed with the EEOC.[2]

On July 16, 2012, the EEOC issued a Notice of Right to Sue to Calmes.  The charge referenced in Calmes' Notice of Right to Sue was her initial charge filed on January 9, 2012.

On September 21, 2012, Plaintiffs filed their Complaint (#1) in this court.  Plaintiffs alleged that, on or about November 28, 2011, Defendant's manager Deborah Pate and supervisor Tracy Mashburn informed Calmes and other housekeeping workers that they had to speak English at all times while at work, including break periods and when speaking with other Filipino employees.  Plaintiffs alleged that Calmes felt like a second-class employee and lived under fear of disciplinary action, "to include discharge, for speaking in her native language, and experienced a hostile work environment due to the prohibition on speaking in her native language and the requirement to speak only in English while at work."  Plaintiffs alleged that, on March 9, 2012, Calmes "suffered a constructive discharge from her employment due to the increasing pressure from her employer to refrain from speaking in her native language and only speak in English while at work."

In Count I of the Complaint, Young brought Title VII claims of disparate treatment, hostile work environment and retaliatory discharge.  In Count II of the Complaint, Calmes brought Title VII claims of disparate treatment, hostile work environment and constructive

---

[2] As pointed out by Defendant, this is consistent with case law which has recognized that, due to the work sharing agreement between the EEOC and the IDHR, "a Charge filed with the IDHR is considered filed with the EEOC."  *Crawford v. Bank of Am.*, 986 F. Supp. 506, 508 n. 3 (N.D. Ill. 1997), *citing* 29 C.F.R. § 1601.74(a); *see also Sofferin v. Am. Airlines, Inc.*, 923 F.2d 552, 554 (7th Cir. 1991).

discharge on the basis of national origin.  Calmes sought injunctive relief, compensatory relief, including lost earnings, and punitive damages.  In Counts III and IV, Plaintiffs brought state law claims of intentional infliction of emotional distress (IIED).

On January 22, 2013, Defendant filed a Motion to Dismiss (#13) and Brief in Support (#14).  Defendant argued that Counts III and IV must be dismissed.  Defendant also argued that Young's claim of retaliatory discharge and Calmes' claim of constructive discharge must be dismissed or stricken because Plaintiffs failed to include them in their EEOC charges.  Defendant argued that Plaintiffs' demand for lost earnings should also be dismissed or stricken.  On February 8, 2013, Plaintiffs filed their Response to Motion to Dismiss (#20), with attached exhibits.  Plaintiffs conceded that their IIED claims must be dismissed. Plaintiffs argued, however, that Young's retaliatory discharge claim and Calmes' constructive discharge claim should not be dismissed.  Plaintiffs argued that Calmes' allegation of constructive discharge was "sufficiently related" to the charge listed in her EEOC charge "and grew out of the discriminatory English-only rule."  Plaintiffs also argued that the fact that they did not check "continuing action" on the charge forms should not be held against them because they are laypersons and no explanation of the meaning of "continuing action" was provided to them.

On February 11, 2013, Defendant filed a Motion for Leave to File Brief Reply (#21). In its attached proposed Reply Brief, Defendant argued that Calmes' argument that her constructive discharge claim was related to her charge alleging disparate treatment was "flawed and ignores the controlling law and circumstances in this case."  On February 28,

4

2013, Plaintiffs filed a Response to Defendant's Motion for Leave to File Brief Reply (#25) and included a Sur-Reply Memorandum.  Plaintiffs argued that the crux of the issue is "whether the claim of constructive discharge is reasonably related to and growing out of her claim of discrimination based on National Origin due to the English-only rule."  Plaintiffs argued that "the English-only rule is conduct which caused the discrimination, the hostile work environment, and the eventual resignation of Plaintiff CALMES; and Pate and Mashburn are the same individuals stating the policy, causing the discrimination, causing the hostile work environment, and thus, causing CALMES to resign."[3]

## ANALYSIS

On July 19, 2013, Judge Bernthal entered his Report and Recommendation (#50). Judge Bernthal recommended granting Defendant's Motion to Dismiss as to Counts III and IV and as to Young's claim of retaliatory discharge.  Judge Bernthal recommended denying Defendant's Motion to Dismiss as to Calmes' claim of constructive discharge.  Judge Bernthal concluded that "[t]he same allegedly discriminatory conduct, Defendant's prohibition on speaking languages other than English, is the basis for Plaintiff's EEOC charge and her constructive discharge claim, in which she asserts that the stress and pressure associated with complying with Defendant's English-only rule led her to resign."  Judge Bernthal also concluded that Calmes' May 2012 discrimination charge, filed after she

---

[3] Judge Bernthal recommended granting Defendant's Motion for Leave to File Brief Reply (#21) and considered Defendant's Reply and Plaintiffs' Sur-Reply.  No one has objected to this recommendation, and this court has also considered the Reply and Sur-Reply.  Judge Bernthal also recommended denying Defendant's Motion for Leave to File Supplement to Motion to Dismiss (#24).  No one has objected to this recommendation, and this court has not considered the argument Defendant included in this Motion.

resigned from her employment with Defendant, was not relevant to the inquiry because, in the charge, Calmes alleged a violation of the Illinois Human Rights Act, a claim she did not raise in her Complaint in this court. Judge Bernthal concluded that Calmes' earlier charge was the operative charge for her Title VII claims.

On July 23, 2013, Defendant filed its Objections to Report and Recommendation (#51). Defendant pointed out that Calmes' discrimination charges filed with the EEOC did not mention "constructive discharge" and did not state that her working conditions were intolerable. Defendant also argued that her May 2012 discrimination charge filed with the IDHR "did not mention that she had ended her employment, much less that she ended her employment because of any alleged unlawful employment practice." Defendant argued that, because this charge was cross-filed with the EEOC, it is proper to consider the charge for purposes of determining whether Calmes exhausted her administrative remedies.

A federal employment discrimination plaintiff generally is limited to pursuing the claims she made before the EEOC. *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009), *citing Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994); *see also Wallace v. Heartland Cmty. Coll.*, 2012 WL 1066884, at *3 (C.D. Ill. 2012). "The purpose of this requirement is two-fold: to promote resolution of the dispute by settlement or conciliation and to ensure that the sued employers receive adequate notice of the charges against them." *Teal*, 559 F.3d at 691. However, in addition to those claims which were included in a discrimination charge with the EEOC, Title VII plaintiffs may also litigate claims which are "like or reasonably related to the allegations of the [administrative] charge and growing out

6

of such allegations." *Teal*, 559 F.3d at 691-92, *quoting Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976).  In order for claims to be deemed related, "the EEOC charge and the complaint must, at a minimum, describe the *same conduct* and implicate the *same individuals*."  *Cheek*, 31 F.3d at 501 (emphasis in original); *see also Moore v. Vital Prods., Inc.*, 641 F.3d 253, 257 (7th Cir. 2011).  This standard is a liberal one and "is satisfied if there is a reasonable relationship between the allegations in the charge and those in the complaint, and the claim in the complaint could reasonably be expected to be discovered in the course of the EEOC's investigation."  *Teal*, 559 F.3d at 692.

Constructive discharge occurs when a plaintiff shows that she was forced to resign because her working conditions, from the standpoint of the reasonable employee, had become unbearable.  *See Chapin v. Fort-Rohr Motors, Inc.*, 621 F.3d 673, 679 (7th Cir. 2010).  The Seventh Circuit recognizes two forms of constructive discharge, both of which require a showing that the work environment had become intolerable.  *Chapin*, 621 F.3d at 679.  The first form is based on harassment and requires a plaintiff "to show working conditions even more egregious than that required for a hostile work environment claim."  *Chapin*, 621 F.3d at 679.  The second form occurs "[w]hen an employer acts in a manner so as to have communicated to a reasonable employee that she will be terminated."  *Chapin*, 621 F.3d at 679, *quoting EEOC v. Univ. of Chicago Hosps.*, 276 F.3d 326, 332 (7th Cir. 2002).  This form of constructive discharge requires a showing that a firing was "an imminent and inevitable event."  *Chapin*, 621 F.3d at 680, *citing Univ. of Chicago Hosps.*, 267 F.3d at 332.  A constructive discharge cannot be shown because "a prospect of discharge lurks in the

background." *Chapin*, 267 F.3d at 679, *quoting Cigan v. Chippewa Falls Sch. Dist.*, 388 F.3d 331, 333 (7ᵗʰ Cir. 2004).

In this case, it is undisputed that Calmes' initial charge with the EEOC did not include a claim of constructive discharge.  In fact, constructive discharge could not possibly have been included in the EEOC charge she filed in January 2012 because she did not resign until March 2012.  *See Jacober v. United States Dep't of Agriculture Agency*, 2012 WL 4088781, at *18 (S.D. Ill. 2012).  This court concludes that Calmes' constructive discharge claim cannot be considered reasonably related to the claims included in her EEOC charges which complained of Defendant's "English only" policy.  This court agrees with the reasoning of Senior United States District Judge Joe Billy McDade in deciding a case which raised a similar issue.  In *Wallace*, Judge McDade stated that "[t]hough it may be arguable that because Plaintiff alleges the same problems cited in the charge to have caused the later constructive discharge they are 'reasonably related,' it would not be reasonable to expect the agency to discover the May 2008 constructive discharge claim in the course of investigating the alleged discrimination."  *Wallace*, 2012 WL 1066884, at *3.  This court concludes, as well, that Calmes' claim that she was subjected to discrimination by Defendant's "English only" policy could not reasonably be expected to lead to an investigation of Calmes' constructive discharge claim.  As noted previously, constructive discharge requires a showing of an egregious hostile work environment or imminent termination of employment.  *See Chapin*, 621 F.3d at 679-80.  This court therefore agrees with Defendant that a claim of discrimination or harassment does not involve the same conduct as a claim of constructive

discharge and does not put an employer on notice that the employee is making a claim of constructive discharge.[4]

In fact, numerous courts have concluded that plaintiffs could not proceed with constructive discharge claims under Title VII where the claim was not included in an EEOC charge. *See Herron v. DaimlerChrysler Corp.*, 388 F.3d 293, 303 n.2 (7th Cir. 2004) ("Herron's EEOC charges in February and April 2000 described racial discrimination, retaliation, and harassment, not constructive discharge[,]" so he could not "proceed under Title VII on a constructive discharge claim."); *Smith v. Rosebud Farmstand*, 909 F. Supp. 2d 1001, 1007 (N.D. Ill. 2012) (constructive discharge claim not "like or reasonably related to those contained in the [EEOC] charge"); *Jacober*, 2012 WL 4088781, at *17-18 (S.D. Ill. 2012) (the plaintiff could not proceed on constructive discharge claim which was not reasonably related to EEOC claims and occurred after the EEOC charges were filed); *Wallace*, 2012 WL 1066884, at *4 (allowing the plaintiff to proceed with a constructive discharge claim would "undermine the notice and conciliation purposes of the exhaustion requirement"); *Powell v. Safer Found.*, 2010 WL 4481780, at *3 (N.D. Ill. 2010) (EEOC charges were not broad enough to encompass a constructive discharge claim where the charges preceded the plaintiff's resignation); *Dixon v. Americall Group, Inc.*, 390 F. Supp.

---

[4] This court notes that it agrees with Plaintiffs and Judge Bernthal that the fact that Calmes did not check "continuing action" in her charges of discrimination has no real bearing on the issue before this court. The factual information provided in a charge is "[m]ore significant" than "technical defect[s]." *Smith v. Rosebud Farmstand*, 909 F. Supp. 2d 1001, 1004 (N.D. Ill. 2012), *quoting Cable v. Ivy Tech State Coll.*, 200 F.3d 467, 477 (7th Cir. 1999), *overruled on other grounds in Hill v. Tangherlini*, ___ F. 3d ___, 2013 WL 3942935 (7th Cir. 2013). Therefore, this court does not rest its decision "on an omitted check mark." *See Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 527-28 (7th Cir. 2003); *Smith*, 909 F. Supp. 2d at 1004.

2d 788, 791-92 (C.D. Ill. 2005) (finding that claims relating to constructive discharge were

beyond the scope of the EEOC charge, noting that the Seventh Circuit held in *Herron* that

"when a plaintiff's EEOC charge alleges discrimination, but does not state that his decision

to stop working is based on that discrimination, the charge does not support a constructive

discharge claim")*; Winters v. Prudential-Bache Sec., Inc.*, 608 F. Supp. 751, 754 (N.D. Ill.

1984) (constructive discharge allegations exceeded the scope of the plaintiff's filings with

the EEOC); *see also Casella v. MBNA Marketing Sys. Inc.*, 2009 WL 1621411, at * (D. Me.

2009) ("the majority of the courts that have squarely addressed a similar dispute soundly

support the defendants' argument that Casella did not exhaust her constructive discharge

claim," relying on lengthy list of cases including *Herron* and *Dixon*).

This court does not agree with the Report and Recommendation that the Seventh

Circuit's decision in *Herron* is distinguishable from this case.  This court concludes that the

fact that the plaintiff in *Herron* claimed that the constructive discharge occurred four months

after the filing of the original EEOC charge and Calmes claims that her constructive

discharge occurred around two months after the initial EEOC charge makes little practical

difference.  This court further concludes that the reliance in the Report and Recommendation

on *Howard v. Burlington Air Express Inc.*, 1994 WL 722061 (N.D. Ill. 1994) is not

persuasive.  The district court in *Howard* concluded that the plaintiff's EEOC claim of

retaliation "sufficiently encompasse[d]" his constructive discharge claim. *Howard*, 1994 WL

722061, at *3.  However, the district court provided little reasoning in support of this

conclusion and, more importantly, *Howard* was decided before the Seventh Circuit's decision

in *Herron* and is contradicted by the decision in *Herron*. *See Wallace*, 2012 WL 1066884, at *5 (noting that the "*Howard* court did not engage in an extensive analysis of the exhaustion issue").

This court's conclusion is bolstered by the fact that Calmes did not include a constructive discharge claim in her charge of discrimination filed in May 2012, even though she now claims she was constructively discharged in March 2012. This court concludes that there is no support for a finding that Calmes' second charge, which was cross-filed with the EEOC, is not relevant to the issue before this court. In the charge, Calmes claimed that she was discriminated against on the basis of her national origin because Defendant "imposed a restriction on the use of my native language." Calmes did not mention the March 2012 termination of her employment in the charge. This court therefore concludes that Calmes "did not put the EEOC or [her] employer on notice concerning [her] purported constructive discharge because [s]he did not mention it in even the vaguest terms in [her] charge." *Dixon*, 390 F. Supp. 2d at 792; *cf. Flower v. City of Chicago*, 850 F. Supp. 2d 941, 946 (N.D. Ill. 2012) (the plaintiff provided sufficient notice of her constructive discharge claim where she filed her EEOC charge after she resigned and included the fact that she had resigned after being told that she had to work with the person she alleged had sexually harassed her).

For all of the reasons stated, this court agrees with Defendant that Calmes' constructive discharge claim must be dismissed.

IT IS THEREFORE ORDERED THAT:

(1) The Report and Recommendation (#50) is accepted by this court, in part, and not

accepted, in part.

(2) Defendant's Motion to Dismiss Plaintiffs' Claims of Constructive or Retaliatory Discharge in Counts I & II and Plaintiffs' Claims of Intentional Infliction of Emotional Distress in Counts III & IV (#13) is GRANTED.  Young's claim of retaliatory discharge in Count I and Calmes' claim of constructive discharge in Count II of Plaintiffs' Complaint (#1) are dismissed because they were not included in Plaintiffs' charges filed with the EEOC. Accordingly, Plaintiffs' requests for relief for lost earnings are also dismissed.  Counts III and IV of Plaintiffs' Complaint (#1) are dismissed as well.

(3) Defendant's Motion for Leave to File Brief Reply (#21) is GRANTED.

(4) Defendant's Motion for Leave to File Supplement to Motion to Dismiss (#24) is DENIED.

(5) This case is referred to Judge Bernthal for further proceedings.

ENTERED this 26th day of August, 2013.


s/MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE